ROBINSON *v.* THE SECOND NATIONAL BANK OF CINCINNATI.

*Negotiable instruments — Defenses — Note given to accommodate bank — For increase in capital stock — Exceptions to ruling — Motions to direct verdict and to exclude evidence — General exception sufficient, when.*

1. It is no defense to an action on a note given by the wife of a stockholder in a bank, for the proportion of an increase in the stock of said bank to which he was entitled, that she was induced to execute said note upon the assurance of the president of said bank that it was for the benefit of said bank and that she would not be required to pay said note or any part thereof.
2. Where a court in one ruling decided motions to strike out certain evidence and for a directed verdict, "To all of which defendant by counsel then and there excepted," such exception is sufficient to save an exception to the ruling of the court as to the striking out of the evidence.

(Decided April 16, 1917.)

ERROR: Court of Appeals for Hamilton county.

*Messrs. Bettinger, Schmitt & Kreis,* for plaintiff in error.

*Messrs. Jelke, Clark & Forchheimer,* for defendant in error.

JONES, P. J. In November, 1908, action was taken by the directors of The Second National Bank, the defendant in error, looking to the increase of its capital stock from $500,000 to $1,000,000, giving all stockholders the right to buy three-fifths of the increase of this capital stock at $150 per share, the balance of it to be sold to the public at the market price, which was then $275 per share. This increase was afterwards duly authorized.

The husband of the plaintiff was the owner of 60 shares of the capital stock of this bank, and, as such, under the arrangement, was entitled to subscribe for 36 shares at $150 per share. At that time, however, he was involved in litigation, and when spoken to on the subject by the president of the bank declined to subscribe for the stock in his own name. The president of the bank insisted that all of the directors should take the stock they were entitled to under the arrangement, because a failure to do so would have a tendency to depress the market price; and, after some conversation with Mr. Robinson and his wife, who was without means on her own account but who then had something over $500 on deposit in the bank to her credit, Mrs. Robinson agreed to and did subscribe for the 36 shares to which her husband would have been entitled, at the price fixed for shareholders, which amounted to the sum of $5,400. She drew

a check upon her bank account for $500 and made a note to the bank for $4,900. The stock was issued in her name. She at the same time executed a power of attorney authorizing C. H. Davis, then the president of the bank, to sell and assign this stock. It seems this arrangement was entered into upon the assurance of Mr. Davis that it would be for the benefit of the bank and that she would not be required to pay said note or any part of it and that the stock could be sold for more than enough to pay the note and to repay her $500.

It appears that for nearly three years the dividends on this stock were received by Mrs. Robinson, who paid interest on the note. Then the bank, being in failing circumstances, ceased to pay dividends, and this action was brought by the bank against Mrs. Robinson to recover on the note.

On the trial in the court of common pleas a directed verdict was had, and judgment entered for the bank. This proceeding in error is brought to set aside that judgment on the ground that the court erred in excluding all evidence to the effect that the president or any officer of the bank stated that Mrs. Robinson would never be called upon to pay the note, and all evidence to the effect that the stock was taken by Mrs. Robinson for the accommodation of the bank; and that the court erred in directing the jury to return a verdict for plaintiff for the amount sued on.

It is contended by defendant in error, as to the exclusion of testimony, that no exception was taken by counsel and therefore the objection can not be reviewed in this proceeding. This objection is a matter of form. The court, in one ruling, ruled

upon both the motion to strike out evidence and the motion for a directed verdict, after which ruling appears this language: "To all of which defendant by counsel then and there excepted." While a distinct exception might have been stated in the bill of exceptions more particularly as to each separate item of the ruling, still the form in which the bill of exceptions appears is in our opinion sufficient to save an exception to the ruling of the court as to the striking out of the evidence. In our opinion, however, the court did not err in striking out this evidence.

The questions raised in this case in regard to the validity of the stock subscription and the liability of a stockholder upon a note given in payment of the stock subscription were discussed and passed upon by this court in *Second National Bank* v. *McDonald,* 2 Ohio App., 497.

Regardless of the fact that the record shows that Mrs. Robinson was not acquainted with matters of banking, it is clear that she subscribed for the stock and executed the note with full understanding of the transaction, and would be liable for her subscription regardless of its purpose. (*Bates* v. *Lewis,* 3 Ohio St., 459.) She claims to have relied upon the statements of the officers of the bank, and because of that claims that her act was merely an accommodation to the bank itself and that that fact relieved her from liability. It is not clear from the evidence adduced by her whether the representation made by Mr. Davis, the president of the bank, was on behalf of the bank, or was a personal promise of his own to see that she would

not be required to pay the note. If it were a personal promise it would be entirely immaterial as a defense to this action. If it were a promise on behalf of the bank, in the absence of any showing that it was authorized by the board of directors, the president would have no authority to bind the bank. (*Bank of U. S.* v. *Dunn,* 6 Pet., 51, and *Burke* v. *Smith,* 16 Wall., 390, 394.) And if she made the subscription as a sham, merely for the purpose of enabling the bank to show to outside purchasers of new stock that the directors' stock had all been subscribed for, still she would be liable. *Pauly* v. *O'Brien,* 69 Fed. Rep., 460, 461, and *State, ex rel.,* v. *Hills,* 94 Ohio St., 171.

It is claimed, however, by plaintiff in error, that the case of *Westwater* v. *Lyons,* 193 Fed. Rep., 817, is "on all fours" with the case at bar, and decisive of the question here at issue. In that case a note was given by a stranger to a director of the bank, who endorsed it and used it with the bank in the payment of certain shares of the increased capital stock of the bank. Afterwards, objection being made by a bank examiner, to this note being carried as an asset of the bank, and the bank being required to substitute other paper or make good the note, a new note was procured by an officer of the bank, from a friend, as a matter of accommodation, to be substituted for or added to the original note for the purpose of complying with the bank examiner's requirements. In this case it appeared that Westwater, the maker of the second accommodation note, made such note purely as an accommodation for the use of the bank,

after first receiving from its cashier a paper as follows:

*"Pittsburgh, Pa., Feb. 23, '07.*

"Mr. James Westwater, Columbus, Ohio—Dear Sir: Your note for $37,500.00 for four months to the order of H. R. Bean, received from Mr. McKinnie this A. M. It is explicitly understood that there is no liability attached to you for this note, the same being used by Mr. McKinnie as a substitute for another note. We hereby agree to return the same to you at any time upon request without payment being made for the possession thereof. Very truly yours, D. J. RICHARDSON, *Cashier."*

It was held in that case that it was for the jury to determine whether the endorser of this accommodation paper participated in the fraud perpetrated by the bank, and whether he signed for the accommodation of the bank or for the accommodation of its officers. Westwater who was sought to be held upon this second accommodation note had nothing whatever to do with the transaction in the bank. He gave the paper to his friend, the bank officer, with the distinct understanding that it was purely a matter of accommodation and that no liability should attach to him.

In the case at bar, whatever promise Mrs. Robinson had from Mr. Davis was in no way the obligation of the bank and could not be set up or relied upon as a defense to its action against her upon the note. We do not regard the *Westwater case* as in any way controlling or decisive of this case, and think that there is no question as to the

liability of Mrs. Robinson upon her note, and find no error in the record to her prejudice.

The judgment will be affirmed.

*Judgment affirmed.*

GORMAN and HAMILTON, JJ., concur.